1  Michael B. Wilson (SBN 233633)
2  *michael@khindawilsonllp.com*
   **KHINDA WILSON, LLP**
3  611 Wilshire Blvd., Suite 325
4  Los Angeles, California 90017
   (213) 627-2771 - Telephone
5  (213) 443-9449 - Facsimile

6  Attorneys for PLAINTIFF
7  DAVID PERRY

8
               **UNITED STATES DISTRICT COURT**
9
               **CENTRAL DISTRICT OF CALIFORNIA**
10

11
   DAVID PERRY. an individual.          CASE NO.: 2:17-CV-00316
12
                 Plaintiff.             **COMPLAINT FOR:**
13
          vs.
14
   DIAMOND RESORTS                      **(1) Breach of Contract;**
15 INTERNATIONAL, INC., a Delaware      **(2) Breach of Fiduciary Duty;**
   Corporation; DIAMOND AT KONA         **(3) Breach of the Covenant of Good**
16 REEF, LLC, a Nevada Limited Liability     **Faith and Fair Dealing;**
17 Company; STEPHEN CLOOBECK, an        **(4) Fraud;**
   individual; RICHARD CLOOBECK, an     **(5) Intentional Interference with**
18 individual; WILLIAM WARNICK, an           **Prospective Economic Advantage;**
19 individual; and DOES 1-100,          **(6) Negligent Interference with**
                                             **Prospective Economic Advantage;**
20               Defendants.            **(7) Conversion;**
21                                      **(8) Unjust Enrichment;**
22                                      **(9) Constructive Fraud;**
                                        **(10)  Negligent Misrepresentation;**
23                                          **and**
24                                      **(11)  Accounting**
25
26
27
28
                                  1

**INTRODUCTION**

1.      DAVID PERRY ("Plaintiff") brings this Complaint for damages, injunctive and declaratory relief, quiet title, and any other equitable or legal relief resulting from the illegal actions of Diamond Resorts International, Inc., Diamond at Kona Beach, LLC, Stephen Cloobeck, Richard Cloobeck, and William Warnick (collectively "Defendants") in failing to honor an Asset Purchase Agreement regarding certain real properties located in Kona Reef, Hawaii.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief.

**THE PARTIES**

2.      At all times herein mentioned, Plaintiff DAVID PERRY was and is an individual residing in the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned, Defendant DIAMOND RESORTS INTERNATIONAL, INC. ("DRI") was and is a corporation organized and existing under the laws of the Stae of Delaware with its principal place of operation in Las Vegas, Nevada.

4.      Plaintiff is informed and believes and thereupon alleges that Defendant Diamond at Kona Reef, LLC ("Diamond at Kona") was and is a limited liability company organized and operating under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada.  Diamond at Kona was

COMPLAINT

formerly known as Three Sticks in Kona, LLC.

5.     Defendant Stephen Cloobeck is an individual and, upon information and belief, was a resident of the State of Nevada at all times herein mentioned.

6.     Defendant Richard Cloobeck  is an individual and, upon information and belief, was a resident of the State of Nevada at all times herein mentioned.

7.     Defendant William Warnick ("Warnick") is an individual and, upon information and belief, was a resident of the State of California at all times herein mentioned.

8.     Plaintiff is unaware of the true names or capacities, whether individual, corporate, associate, partnership or otherwise, of DOES1 through 100, inclusive, and therefore sues these defendants by such fictitious names. When plaintiffs ascertain the true names, identities and capacities of defendants the DOES1 through 100, or any of them, Plaintiff will amend this Complaint to allege the same.  Plaintiff is informed and believes and thereon allege that each of said fictitiously named defendants is in some manner responsible for the acts, happenings, occurrences and/or omissions alleged herein, and that Plaintiff's damages as herein allege were proximately caused by said Defendants.

9.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each Defendant was the agent and/or employee of each of the co-defendants, and in doing the things described herein, was acting within the

course and scope of authority of each such agent and employee, and each

Defendant ratified or approved of the acts of the Defendant's agents and/or

employees.

10.     At all times herein mentioned, each separate Defendant organized as

an entity, and each of them was and is the alter ego of every other Defendant,

whether or not an individual or entity Defendant, and each of them, and that at all

times herein mentioned there existed such a unity of interest in ownership between

such Defendants that any separateness has ceased to exist between them because

(1) the Defendants have commingled and used the assets of the Defendants

organized as an entity for their own benefit and have caused the assets of said

entities to be transferred to them without adequate consideration; and (2) the

Defendants have exercised complete dominance and control over the Defendants

organized as an entity, and their properties, such that the foregoing entities are

mere shells and instrumentalities for the conduct of the business and activities of

the Defendants.  Adherence to the fiction of a separate existence of any Defendants

organized as an entity would sanction fraud and permit an abuse of the legal

benefits of true entity organization.  Plaintiff alleges that each of the Defendants

herein is therefore liable for any judgment hereunder against any Defendants

organized as an entity.

11.     Plaintiff is informed and believes, and upon such information and

belief alleges, that each of the Defendants, including Does 1 through 100, inclusive, were, at all times herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining Defendants.

12.     Wherever appearing in this Complaint, each and every reference to Defendants, and to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

## JURISDICTION

13.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of the State of California, Defendant DRI is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Nevada, Defendant Diamond at Kona is a limited liability company organized and operating under the laws of the State of Nevada, and Defendant Cloobeck is an individual residing in the State of Nevada.  The amount in controversy, without interest, costs or attorneys' fees, exceeds the amount specified by 28 U.S.C. § 1332.

## GENERAL ALLEGATIONS

14.     On July 30, 1999, Reefshare Ltd., a Hawaii Corporation, entered into an Asset Purchase Agreement with Three Sticks in Kona, LLC, a Nevada limited

liability company (the "Agreement").  A true and correct copy of the Asset Purchase Agreement is attached hereto as Exhibit A and incorporated herein by this reference.

15.     Plaintiff is informed and believes, and thereupon alleges, that at some point after entering into the Agreement, Three Sticks in Kona, LLC changed its name to Diamond at Kona Reef, LLC.  Plaintiff is further informed and believes, and thereupon alleges, that Diamond at Kona Reef, LLC was, and is, a subsidiary, affiliate, joint venture, partner or shareholder of Diamond Resorts International, LLC.  Each of the obligations imposed pursuant to the Agreement were therefore binding upon Three Sticks in Kona, LLC as a contracting party and upon DRI and Diamond at Kona as successors of assigns of the contracting party.

16.     At all times mentioned herein, Plaintiff David Perry was the President of Reefshare, Ltd.  Reefshare, Ltd. assigned the entirety of its rights and interests in the Agreement to Plaintiff David Perry.  Defendant William Warnick was the owner of approximately 80 out of a total of 640 shares of Reefshare, Ltd.  Upon information and belief, Warnick represented himself as the sole shareholder of Reefshare, Ltd. and received funds that were due to Reefshare, Ltd. from the transactions detailed herein.

17.     Pursuant to the Agreement, Plaintiff conveyed to Defendants certain improved real property located in Kona, Hawaii, which operated as a 27 unit time-

COMPLAINT

share development within a 127 unit condominium development commonly known as Kona Reef.  Plaintiff further conveyed, among other things:

    a.  all rights, title and interest in any and all tradenames, trademarks, trademark applications, service marks, logos and proprietary information used in connection with the Kona Reef properties;

    b.  all right title and interest as developer of the Kona Reef properties;

    c.  all governmental or other permits, licenses, authorizations and approvals; and

    d.  all notes receivable as well as all cash bank accounts, prepaid expenses and reserves.

The entirety of the conveyance to Defendants pursuant to the Agreement is referred to herein as the "Kona Reef Time-Share."

    18.    Pursuant to the terms of the Agreement, and in exchange for the Kona Reef Time-Share, Defendants agreed to the following:

    a.  To assume certain loan obligations of Plaintiff;

    b.  To pay all sales, gross receipts, compensating, stamp, excuse, documentary, transfer, deed or similar taxes and fees imposed with the transaction contemplated by the Agreement;

    c.  To pay, quarterly and within thirty days after the end of each consecutive three month period during the fiscal year, a Profit Sharing Interest

equaling forty-one percent (41%) multiplied by the Distributable Net Proceeds for units sold in that fiscal year.

   d. To pay Plaintiff a monthly draw to be deducted from the Profit Sharing Interest in the amount of $8,000 per month, subject to certain conditions.

   e. To include in the calculation of the Profit Sharing Interest any additional units acquired in the Kona Reef condominium after the date of the Asset Purchase Agreement.

   f. To provide to Plaintiff copies of Defendants' financial statements prepared for the Kona Reef Time-Share and to provide copies of Defendants' monthly financial statements to Plaintiff.

19.    The Agreement also provides that "[i]n the event any action is commenced by either party against the other in connection herewith the prevailing party shall be entitled to its costs and expenses, including reasonable attorneys' fees."

20.    Defendants continually informed Plaintiff that there were proceeds due pursuant to the Agreement because the Kona Reef Time-Share was not profitable.  Plaintiff has discovered that, as of September 2, 2016, DRI merged with Dakota Merger Sub, Inc., a Delaware corporation ("DMS").  Plaintiff is informed and believes, and on that basis alleges, that the Kona Reef Time-Share was transferred to DMS pursuant to DRI's September 2, 2016 merger with DMS

1   and that merger constituted an event triggering the Profit Sharing Interest

2   provisions of the Asset Purchase Agreement.

### FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT)

### (Against All Defendants)

21.     Plaintiff re-alleges and reincorporates each and every allegation

contained paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.     The July 30, 1999 Asset Purchase Agreement, attached hereto as

Exhibit A and incorporated herein by this reference, constitutes a contract between

Plaintiff and Defendants.  Pursuant to the Agreement, Defendants undertook duties

to act for the benefit of Plaintiff.

23.     By entering into the Agreement and accepting valuable consideration

Defendants covenanted to administer their contractual obligations in accordance

with the principles of good faith and fair dealing.

24.     Defendants have breached their contractual duties by, among other

things, by failing to properly account for funds Defendants received from the Kona

Reef Time-Share and failing to make the required Profit Sharing Interest payments

to Plaintiff.  Defendants continually informed Plaintiff that there were proceeds

due pursuant to the Agreement because the Kona Reef Time-Share was not

profitable.  To date, and despite the advertised and marketed profitability of the Kona Reef Time-Share as well as DRI's $2.2 billion dollar merger with DMS, Plaintiff has received no payments, Profit Sharing Interest or otherwise, from Defendants.

25.    Plaintiff has performed all conditions, covenants, services and promised to be performed on Plaintiff's part under the Agreement, except for those conditions, covenants and promises excused by reason of the breaches of Defendants, as herein alleged.  By failing to properly account for the funds Defendants received from the Kona Reef-Time Share and by failing to make the required Profit Sharing Interest payments Defendants breached the Agreement.

26.    Plaintiff remains ready, willing and able to perform under the Agreement.

27.    Plaintiff has suffered harm and is threatened with additional harm from Defendants' breach.  Plaintiff's harm includes, but is not limited to, loss of millions of dollars in Profit Sharing Interest payments as well as the loss of millions of dollars of funds that should have been paid upon DRI's merger with DMS in September 2016.

///

///

## SECOND CAUSE OF ACTION

## (BREACH OF FIDUCIARY DUTY)

### (Against All Defendants)

28.     Plaintiff re-alleges and reincorporates each and every allegation contained paragraphs 1 through 27, inclusive, as though fully set forth herein.

29.     By entering into the Agreement and knowingly accepting the responsibility to act for the benefit of Plaintiff, Defendants accepted a fiduciary duty. As the entity controlling, marketing and administering the Kona Reef Time-Share and having accepted the duty to pay the Profit Sharing Interest to Plaintiff and to account for profits made from the Kona Reef Time-Share to Plaintiff, Defendants owed fiduciary duties of care, loyalty, and good faith to Plaintiff. Defendants' fiduciary duties include obligations to exercise good business judgment, to act prudently in the operation of the Kona Reef Time-Share, to discharge their actions in good faith, and to act in the best interests of Plaintiff.

30.     Defendants breached their fiduciary duties by, among other things:

a.  Filing to pay, quarterly and within thirty days after the end of each consecutive three month period during the fiscal year, a Profit Sharing Interest equaling forty-one percent (41%) multiplied by the Distributable Net Proceeds for units sold in that fiscal year;

b.  Failing to pay a monthly draw to be deducted from the Profit Sharing

COMPLAINT

Interest in the amount of $8,000 per month, subject to certain conditions;

c.  Failing to include in the calculation of the Profit Sharing Interest any additional units acquired in the Kona Reef condominium after the date of the Asset Purchase Agreement; and

d.  Failing to provide to Plaintiff copies of Defendants' financial statements prepared for the Kona Reef Time-Share and to provide copies of Defendants' monthly financial statements to Plaintiff.

31.    As a direct and proximate result of Defendants' breaches of their fiduciary duties to Plaintiff, Plaintiff has been damaged by Defendants in an amount to be proved at the time of trial, but in excess of the jurisdictional limit of this court.

## THIRD CAUSE OF ACTION

## (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

### (Against All Defendants)

32.    Plaintiff re-alleges and reincorporates each and every allegation contained paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.    Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.  The implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying or injuring the right of the other party to receive the

benefits of their agreement.   The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose.  The covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

34.    On July 30, 1999, Plaintiff and Defendants entered into an Asset Purchase Agreement attached hereto as Exhibit A and incorporated herein by this reference.

35.    Defendants did not act in good faith and did not deal fairly with Plaintiff in connection with the Agreement by, among other things:

   a.  Filing to pay, quarterly and within thirty days after the end of each consecutive three month period during the fiscal year, a Profit Sharing Interest equaling forty-one percent (41%) multiplied by the Distributable Net Proceeds for units sold in that fiscal year;

   b.  Failing to pay a monthly draw to be deducted from the Profit Sharing Interest in the amount of $8,000 per month, subject to certain conditions;

   c.  Failing to include in the calculation of the Profit Sharing Interest any additional units acquired in the Kona Reef condominium after the date of the Asset Purchase Agreement; and

   d.  Failing to provide to Plaintiff copies of Defendants' financial statements prepared for the Kona Reef Time-Share and to provide copies of

Defendants' monthly financial statements to Plaintiff.

36.     Plaintiff is informed and believes, and thereupon alleges, that the Defendants engaged in such conduct with full knowledge and intent to induce Plaintiff to sign over the Kona Reef Time-Share and to deny Plaintiff any profits received from the Kona Reef Time-Share. Plaintiffs is further informed and believes, and thereupon alleges, that the Defendants engaged in such conduct with the full knowledge that their actions would result Plaintiff's loss of the Kona Reef Time-Share, the loss of Plaintiff's investment in the Kona Reef Time-Share, no return on investment for Plaintiff, and the loss of Plaintiff's promised Profit Sharing Interest.   These actions are a bad faith breach of the contract between Plaintiff and Defendants that show Defendants had no intention of performing according to the terms of the Agreement.

37.     As a direct and proximate result of Defendants' actions as alleged herein, Plaintiff has suffered general and special damages in an amount to be determined at trial, but in excess of the jurisdictional limit of this Court.  The full and exact amount and nature of such damage and injury incurred by Plaintiff is currently unknown to Plaintiff at this time, and Plaintiff will amend this complaint when the same is ascertained, or upon proof at time of trial.

///

## FOURTH CAUSE OF ACTION

### (FRAUD)

### (Against Defendants Diamond in Kona Reef, LLC, Stephen Cloobeck and Richard Cloobeck)

38.     Plaintiff re-alleges and reincorporates each and every allegation contained paragraphs 1 through 37, inclusive, as though fully set forth herein.

39.     As alleged herein, Plaintiff and Defendant entered into a July 30, 1999 Asset Purchase Agreement.  As part of that transaction and continuing after consummation of that transaction, Plaintiff conversed with Stephen Cloobeck, president of Diamond in Kona Reef and other Diamond in Kona Reef officers. Each of these individuals were authorized by Diamond in Kona Reef to speak on its behalf and each made representations to Plaintiff regarding the profitability of the Asset Purchase Agreement and Diamond at Kona Reef's intentions to perform its obligations under the Agreement.

40.     At the time that Plaintiff agreed to enter into the Asset Purchase Agreement, and continuing thereafter, Plaintiff was led to believe that the representations regarding the Agreement, as alleged herein, were true, namely:

a.  That Diamond in Kona Reef would pay, quarterly and within thirty days after the end of each consecutive three month period during the fiscal year, a Profit Sharing Interest equaling forty-one percent (41%)

multiplied by the Distributable Net Proceeds for units sold in that fiscal year;

b.  That Diamond in Kona Reef would pay a monthly draw to be deducted from the Profit Sharing Interest in the amount of $8,000 per month, subject to certain conditions;

c.  That Diamond in Kona Reef would include in the calculation of the Profit Sharing Interest any additional units acquired in the Kona Reef condominium after the date of the Asset Purchase Agreement; and

d.  That Diamond in Kona Reef would provide to Plaintiff copies of Defendants' financial statements prepared for the Kona Reef Time-Share and to provide copies of Defendants' monthly financial statements to Plaintiff.

41.     When Defendant made the above representations, it knew them to be false and made these representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations in the manner herein alleged and to transfer the Kona Reef Time-Share to Defendant. Further, Defendant took affirmative steps to conceal the true facts from Plaintiff.

42.     Defendant Diamond in Kona Reef's representations, as alleged herein, were untrue.  Plaintiff has since learned the true facts, namely:

a.  That Diamond in Kona Reef did not intend to pay, quarterly and within

thirty days after the end of each consecutive three month period during the fiscal year, a Profit Sharing Interest equaling forty-one percent (41%) multiplied by the Distributable Net Proceeds for units sold in that fiscal year;

b. That Diamond in Kona Reef did not intend to pay a monthly draw to be deducted from the Profit Sharing Interest in the amount of $8,000 per month, subject to certain conditions;

c. That Diamond in Kona Reef did not intend to include in the calculation of the Profit Sharing Interest any additional units acquired in the Kona Reef condominium after the date of the Asset Purchase Agreement; and

d. That Diamond in Kona Reef did not intend to provide to Plaintiff copies of Defendants' financial statements prepared for the Kona Reef Time-Share and to provide copies of Defendants' monthly financial statements to Plaintiff.

43.    Plaintiff, at the time these representations were made by and at the time Plaintiff took the actions herein alleged, was unaware of the falsity of Defendant's representations and believed them to be true.  In reliance on these representations, Plaintiff was induced to and did transfer the Kona Reef Time-Share to Defendant.

44.    Had Plaintiff known the actual facts, Plaintiff would not have entered

into the Agreement and would not have transferred the Kona Reef Time-Share to Defendant.

45.     Plaintiff's reliance on the representations of Defendant was justified because Defendant represented that it was a successful time-share operator and would be able to maximize Plaintiff's profits.

46.     As a proximate result of the fraudulent conduct of Defendant as herein alleged, Plaintiff has incurred damages in that Plaintiff was induced to transfer the Kona Reef Time-Share to Diamond in Kona Reef.   As a result of the transfer of the Kona Reef Time-Share and Defendant's subsequent failure to abide by the terms of the Agreement, Plaintiff has suffered general and special damages in an amount to be determined at trial, but in excess of the jurisdictional limit of this Court.  The full and exact amount and nature of such damage and injury incurred by Plaintiff is currently unknown to Plaintiff at this time, and Plaintiff will amend this complaint when the same is ascertained, or upon proof at time of trial.

47.     The aforementioned conduct of Defendant was an intentional misrepresentation, deceit, or concealment of material facts known to Diamond in Kona Reef with the intention on the part of the Defendant of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship and conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive

1 | damages.

## FIFTH CAUSE OF ACTION

## (INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

### (Against All Defendants)

48.   Plaintiff re-alleges and reincorporates each and every allegation contained in paragraphs 1-47, inclusive, as though fully set forth herein.

49.   Plaintiff had existing business relationships with the individuals and entities who had purchased time-shares at the Kona Reef Property.

50.   Plaintiff's business relationship with its time-share holders had a strong probability of future economic benefit.  Plaintiff had performed his due diligence on the Kona Reef Time-Share and found that his investment in the Kona Reef Time-Share would allow for economic benefit had he continued his ownership of the Kona Reef properties.

51.   Defendants knew of Plaintiff's time-share holders and Defendants intentionally interfered with Plaintiff's business relationships by, among other things, representing to Plaintiff that Defendants would continue those relationships to Plaintiff's advantage while instead usurping those relationships for Defendants' own profit.

52.   As a proximate result of the conduct of Defendants as herein alleged,

Plaintiff has incurred damages in that, among other things, Plaintiff lost funds and income that would have been earned pursuant to the existing time-share business relationships.

53.     The aforementioned conduct of Defendants was an intentional disruption of existing business relationships known to Defendants with the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship and conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

## (NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

### (Against All Defendants)

54.     Plaintiff re-alleges and reincorporates each and every allegation contained in paragraphs 1-53, inclusive, as though fully set forth herein.

55.     Plaintiff had existing business relationships with the individuals and entities who had purchased time-shares at the Kona Reef Property.

56.     Plaintiff's business relationship with its time-share holders had a strong probability of future economic benefit.  Plaintiff had performed his due

diligence on the Kona Reef Time-Share and found that his investment in the Kona Reef Time-Share would allow for economic benefit had he continued his ownership of the Kona Reef Properties.

57.     Defendants knew of Plaintiff's time-share holders and Defendants intentionally interfered with Plaintiff's business relationships by, among other things, representing to Plaintiff that Defendants would continue those relationships to Plaintiff's advantage while instead usurping those relationships for Defendants' own profit.

58.     Defendants, and each of them, owed a duty of care to Plaintiff including, but not limited to, the duty to (1) exercise good business judgment; (2) to act prudently in the operation of the Kona Reef Time-Share; (3) to discharge their actions in good faith; and (4) to act in the best interests of Plaintiff.

59.     As a proximate result of the conduct of Defendant as herein alleged, Plaintiff has incurred damages in that, among other things, Plaintiff transferred the Kona Reef property to Defendants and lost out on monthly draws and Profit Sharing Interest. By reason of Defendants' actions Plaintiff has been damaged in at least the sum in excess of the jurisdictional amount of this Court, and additional amounts according to proof at time of trial.

///

## SEVENTH CAUSE OF ACTION

### (CONVERSION)

### (Against All Defendants)

60.     Plaintiff re-alleges and reincorporates each and every allegation contained paragraphs 1 through 59, inclusive, as though fully set forth herein.

61.     Plaintiff is, and at all times relevant herein was, the owner of or entitled to immediately possess the Profit Sharing Interest from the Kona Reef Time-Share.

62.     Defendants wrongfully interfered with Plaintiff's interests in the above-described property by refusing to distribute the Profit Sharing Interest to Plaintiff as required in the Agreement.

63.     Plaintiff has made demand upon Defendant for the Profit Sharing Interest and Defendants have refused, and continue to refuse, to make payment of the Profit Sharing Interest.

64.     As a result of Defendants' acts of conversion, Plaintiff has been damaged in the sum or sums to be proven at trial, including all compensatory damages.  Alternatively, Plaintiff is entitled to damages and repossession of the converted property and will seek his election of remedies at trial.   Plaintiff is further entitled to compensation for the time and money expended pursuit of the property.

65.     In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages according to proof at the time of trial.

## EIGHTH CAUSE OF ACTION

### (UNJUST ENRICHMENT)

### (Against All Defendants)

66.     Plaintiff re-alleges and reincorporates each and every allegation contained paragraphs 1 through 65, inclusive, as though fully set forth herein.

67.     Due to Defendants' actions as alleged herein, Plaintiff has been induced to transfer the Kona Reef Time-Share to Defendants.

68.     The aforementioned action has resulted in Defendants' gaining the benefit of Plaintiff's actions, to wit: Defendants have the benefit of the use, enjoyment of, and the profit from, the Kona Reef Time-Share. Defendants' use, enjoyment of, and the profit from, the Kona Reef Time-Share is unjust and has operated to enrich Defendants at Plaintiff's expense.

69.     As a direct and proximate result of Defendants' actions as alleged herein, Plaintiff has been damaged in an amount in excess of the jurisdictional limit.  The full and exact amount and nature of such damage and injury heard by Plaintiff is currently unknown to Plaintiff at this time, and Plaintiff will amend this

complaint when the same becomes ascertained, or upon proof at time of trial.

## NINTH CAUSE OF ACTION

### (Constructive Fraud)

### (Against All Defendants)

70.    Plaintiff re-alleges and reincorporates each and every allegation contained paragraphs 1 through 69, inclusive, as though fully set forth herein.

71.    Each of the Defendants had a duty to disclose true information on the grounds that the information was material to Plaintiff's entering into the Agreement as alleged herein and that Defendants' actions as the buyer of the Kona Reef Time-Share, as described herein, required the disclosure of all material facts.

72.    At the time that Plaintiff agreed to the Agreement as alleged herein and transferred the Kona Reef Time-Share to Defendants, and continuing thereafter, Plaintiff was led to believe that the representations regarding the transfer of the Kona Reef Time-Share, as alleged herein, were true, namely:

a.   That Diamond in Kona Reef would pay, quarterly and within thirty days after the end of each consecutive three month period during the fiscal year, a Profit Sharing Interest equaling forty-one percent (41%) multiplied by the Distributable Net Proceeds for units sold in that fiscal year;

b.   That Diamond in Kona Reef would pay a monthly draw to be deducted

from the Profit Sharing Interest in the amount of $8,000 per month, subject to certain conditions;

c. That Diamond in Kona Reef would include in the calculation of the Profit Sharing Interest any additional units acquired in the Kona Reef condominium after the date of the Asset Purchase Agreement; and

d. That Diamond in Kona Reef would provide to Plaintiff copies of Defendants' financial statements prepared for the Kona Reef Time-Share and to provide copies of Defendants' monthly financial statements to Plaintiff.

73.     When Defendants made the above representations, they knew them to be false and made these representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on these representations in the manner herein alleged.  Further, Defendants took affirmative steps to conceal the true facts from plaintiff.

74.     Defendants' representations, as alleged herein, were untrue.  Plaintiff has since learned the true facts, namely:

a. That Diamond in Kona Reef did not intend to pay, quarterly and within thirty days after the end of each consecutive three month period during the fiscal year, a Profit Sharing Interest equaling forty-one percent (41%) multiplied by the Distributable Net Proceeds for units sold in that fiscal

year;

b.  That Diamond in Kona Reef did not intend to pay a monthly draw to be deducted from the Profit Sharing Interest in the amount of $8,000 per month, subject to certain conditions;

c.  That Diamond in Kona Reef did not intend to include in the calculation of the Profit Sharing Interest any additional units acquired in the Kona Reef condominium after the date of the Asset Purchase Agreement; and

d.  That Diamond in Kona Reef did not intend to provide to Plaintiff copies of Defendants' financial statements prepared for the Kona Reef Time-Share and to provide copies of Defendants' monthly financial statements to Plaintiff.

75.  Plaintiff, at the time these representations were made by and at the time Plaintiff took the actions herein alleged, was unaware of the falsity of Defendants' representations and believed them to be true.  In reliance on these representations, Plaintiff was induced to and did transfer the Kona Reef Time-Share to Defendants.

76.  Had Plaintiff known the actual facts, Plaintiff would not have entered into the Asset Purchase Agreement.

77.  Plaintiff's reliance on the representations of Defendants was justified because Defendant represented that it was a successful time-share operator and

would be able to maximize Plaintiff's profits.

78.     As a proximate result of the fraudulent conduct of Defendant as herein alleged, Plaintiff has incurred damages in that Plaintiff was induced to transfer the Kona Reef Time-Share to Diamond in Kona Reef.   As a result of the transfer of the Kona Reef Time-Share and Defendant's subsequent failure to abide by the terms of the Agreement, Plaintiff has suffered general and special damages in an amount to be determined at trial, but in excess of the jurisdictional limit of this Court.  The full and exact amount and nature of such damage and injury incurred by Plaintiff is currently unknown to Plaintiff at this time, and Plaintiff will amend this complaint when the same is ascertained, or upon proof at time of trial.

79.     The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material facts known to Defendants with the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiff to a cruel and unjust hardship and conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages.

///

///

# TENTH CAUSE OF ACTION

## (Negligent Misrepresentation)

## (Against All Defendants)

80.     Plaintiff re-alleges and reincorporates each and every allegation contained paragraphs 1 through 79, inclusive, as though fully set forth herein.

81.     Plaintiff alleges on information and belief that each of the representations described above was false or misleading when made by Defendants (as described above), was made without a reasonable basis for believing it to be true, and was made with intent to mislead and deceive Plaintiff. The representations were made with the intent to induce Plaintiff's reliance and to cause Plaintiff to transfer the Kona Reef Time-Share as described herein. To wit, Plaintiff, relying upon Defendants' promises of Profit Sharing Interest payments, transferred the Kona Reef Time-Share to Defendants.  Defendants have made no payments to Plaintiff.

82.     Each of the Defendants had a duty to disclose the true information on the grounds that the information was material to Plaintiff's transfer of the Kona Reef Time-Share as alleged herein and that Defendants' actions as buyers of the Kona Reef Time-Share, as described herein, required the disclosure of all material facts.  Defendants' failure to disclose these material facts to Plaintiff, therefore, constitutes fraud and/or negligent misrepresentation.

83.     Had Plaintiff known of the true facts, to wit:

a.   That Diamond in Kona Reef did not intend to pay, quarterly and within thirty days after the end of each consecutive three month period during the fiscal year, a Profit Sharing Interest equaling forty-one percent (41%) multiplied by the Distributable Net Proceeds for units sold in that fiscal year;

b.   That Diamond in Kona Reef did not intend to pay a monthly draw to be deducted from the Profit Sharing Interest in the amount of $8,000 per month, subject to certain conditions;

c.   That Diamond in Kona Reef did not intend to include in the calculation of the Profit Sharing Interest any additional units acquired in the Kona Reef condominium after the date of the Asset Purchase Agreement; and

d.   That Diamond in Kona Reef did not intend to provide to Plaintiff copies of Defendants' financial statements prepared for the Kona Reef Time-Share and to provide copies of Defendants' monthly financial statements to Plaintiff.

Plaintiff would not have entered into the Agreement.

84.     As a proximate result of the fraudulent conduct of Defendant as herein alleged, Plaintiff has incurred damages in that Plaintiff was induced to transfer the Kona Reef Time-Share to Diamond in Kona Reef.   As a result of the

transfer of the Kona Reef Time-Share and Defendant's subsequent failure to abide

by the terms of the Agreement, Plaintiff has suffered general and special damages

in an amount to be determined at trial, but in excess of the jurisdictional limit of

this Court.  The full and exact amount and nature of such damage and injury

incurred by Plaintiff is currently unknown to Plaintiff at this time, and Plaintiff will

amend this complaint when the same is ascertained, or upon proof at time of trial.

## ELEVENTH CAUSE OF ACTION

### (Accounting)

### (Against All Defendants)

85.     Plaintiff re-alleges and reincorporates each and every allegation

contained paragraphs 1 through 84, inclusive, as though fully set forth herein

86.     By entering into the Agreement and knowingly accepting the

responsibility to act for the benefit of Plaintiff, Defendants accepted a fiduciary

duty. As the entity controlling, marketing and administering the Kona Reef Time-

share and having accepted the duty to pay the Profit Sharing Interest to Plaintiff

and to account for profits made from the Kona Reef Time-Share to Plaintiff,

Defendants owed fiduciary duties of care, loyalty, and good faith to Plaintiff.

Defendants' fiduciary duties include obligations to exercise good business

judgment, to act prudently in the operation of the Kona Reef Time-Share, to discharge their actions in good faith, and to act in the best interests of Plaintiff.

87.    Pursuant to the Agreement, Defendants further owed a duty to Plaintiff to provide copies of Defendants' monthly financial statements to Plaintiff for the calculation of Plaintiff's Profit Sharing Interest, among other things.

88.    As a result of the aforementioned actions, Defendants have received money, a portion of which is due to Plaintiff, as previously alleged.

89.    The amount of money due from Defendant to Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting of the receipts and disbursements from the Kona Reef Time-Share.  Plaintiff is informed and believes and thereon alleges that the amount due to Plaintiff exceeds ten million dollars ($10,000,000.00)

90.    Plaintiff has demanded an accounting of the aforementioned Kona Reef Time-Share transactions from Defendants and payment of the amount found due but Defendants have failed and refused, and continue to fail and refuse, to render such an accounting and to pay such sum.

**WHEREFORE, PLAINTIFF PRAYS** for judgment against Defendants, and each of them, as follows:

1.    For special and general damages in an amount according to proof at time of trial;

2.    For punitive and exemplary damages in an amount according to proof at time of trial;

3.    For an accounting of all Kona Reef Time-Share sales and expenses from the time of the Agreement between Plaintiff and Defendant to the date judgment is entered in this matter;

4.    For costs of suit incurred herein;

5.    For an award of attorneys' fees if permitted by statute or agreement; and

6.    For such other and further relief as this court may deem just and proper.

Dated: January 10, 2017                    **KHINDA WILSON, LLP**


By:      _____
          Michael B. Wilson
          Attorneys for PLAINTIFF
          DAVID PERRY